[No. 7802. Decided June 17, 1909.]

S. M. ARCHIBALD, *Appellant*, v. F. J. HAHN et al., *Respondents*.[1]

SALES—ACTION FOR PRICE—DEFENSES—FRAUD—ESTOPPEL—CORPORATE STOCK. The purchaser of corporate stock is not estopped, by his delay in offering to return it, from setting up fraud and want of consideration as a defense to an action for the price, where the sale was made October 16, 1907, the fraud was discovered December 15, 1907, and the action was commenced February 3, 1908.

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 26, 1908, upon findings in

[1] Reported in 102 Pac. 656.

favor of the defendants, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Blaine, Tucker & Hyland*, for appellant.

*Alfred E. Parker*, for respondents.

Fullerton, J.—On October 16, 1907, the respondent F. J. Hahn entered into a written contract with one William Frankfurt, by the terms of which Hahn agreed to purchase of Frankfurt 25,000 shares of the capital stock of the Low Creek Copper Company, at the stipulated price of $2,500. At the time the contract was executed, stock of the face value of $25,000 was delivered to Hahn, and he paid $200 on the purchase price and subsequently $150 more. Thereafter the contract was assigned to the appellant, who brought the present action to recover the balance of the contract price. The respondent defended on the ground that the stock was worthless at the time he agreed to purchase it, a fact well known to Frankfurt, and that he purchased it without knowledge of the fact that it was worthless, relying on the false and fraudulent representations of Frankfurt to the effect that it was of value. The cause was tried by the court without a jury, and resulted in findings and a judgment in favor of the respondents.

A perusal of the evidence convinces us that the court was justified in finding that the mining stock was worthless, that Frankfurt knew this fact when he contracted to sell it to the respondent F. J. Hahn, and that he induced him to purchase it by false representations as to its value. The appellant insists in this court, however, that the respondent is estopped to make this defense because he kept possession of the mining stock delivered to him under the contract, making no offer to return it until after the commencement of this action, although he knew at a considerable time before that the stock was worthless. But the contract of purchase was entered into on October 16, 1907, Hahn discovered its worthlessness on December 15, 1907, and this action was begun on Febru-

ary 3, 1908.   There was not here such a delay as to bar the defense of fraud and want of consideration.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, GOSE, MOUNT, and CROW, JJ., concur.